**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MARLON ROSS GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  06-1291-MLB |
| | ) | |
| SYNDEO STAFFING, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant City of Wichita's motion for summary judgment.  (Doc. 43).  Plaintiff worked for defendant through a contract with Syndeo Staffing in 2005.  Plaintiff filed a complaint against defendant alleging violations of Title VII and the Americans With Disabilities Act, 42 U.S.C. § 12111 et. seq.

**Analysis**

On October 18, 2007, defendant filed its motion for summary judgment.  Plaintiff did not file a timely response.  On November 19, 2007, out of an abundance of caution, this court ordered plaintiff to submit a response that complied with local rules by December 7.  On December 7, 2007, plaintiff submitted the following response:

> Before the court is Plaintiff Marlon Griffin responding pro se defendant City of Wichita's motion for summary judgment Filed October 18, 2007 (Doc. 43).  I the plaintiff agree that the summary of judgement should be in favor of me the plaintiff that indeed i did read the document in which all the accused City workers signed their names.  So i contest this motion and still wish to pursue a punishment for the City Wichita's employees actions.

(Doc. 46).

Since plaintiff has failed to controvert the statement of facts

in defendant's motion for summary judgment, those facts are deemed uncontroverted. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002). The Tenth Circuit has instructed that the court cannot simply enter summary judgment against a non-responding party, but must instead determine whether summary judgment is appropriate pursuant to Fed. R. Civ. P. 56(e). Id.

The court has reviewed the facts set forth in the motion for summary judgment and the pleadings submitted by plaintiff.[1]  After considering the allegations in the pleadings, the court finds that plaintiff has failed to establish a prima facie case of hostile work environment and race discrimination.[2]

> To survive summary judgment on a claim alleging a racially hostile work environment, plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that the victim was targeted for harassment because of his ... race or national origin.

Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 680 (10th Cir. 2007).

Plaintiff's allegations state that his co-worker verbally

---

[1] In the face of a motion for summary judgment, a plaintiff may not rest on his pleadings but must put forth specific facts showing a genuine issue for trial. Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996).  Out of an abundance of caution, however, the court has reviewed plaintiff's pleadings when considering the motion before the court.

[2] While plaintiff indicated in his complaint that he was filing under both Title VII and the ADA, plaintiff's complaint and more definite statement (Docs. 25, 31) fail to allege a disability under the ADA.  To state a prima facie case of discrimination under the ADA, a plaintiff must establish that he is disabled within the meaning of the ADA. Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 747-48 (10th Cir. 1999).  Therefore, any alleged claim under the ADA must fail.

assaulted him on August 8, 2005, by calling him "stupid," "full of shit" and saying "fuck you." (Doc. 25).[3]  Plaintiff also asserts that the co-worker then said "have I called you a nigger?" (Doc. 25).[4] On September 19, 2005, the day that plaintiff was terminated, plaintiff asserts that his supervisor verbally assaulted him by telling him to "get the fuck out!" (Doc. 31 at 2).  These allegations do not raise to the level of a racially hostile work environment. Only one remark could be possibly construed to be racially based.  A comment in isolation is not sufficient to constitute a hostile work environment.  Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003). Therefore, defendant's motion for summary judgment on plaintiff's hostile work environment claim must be granted.

Liberally construed, plaintiff may also be alleging a claim of race discrimination in his termination.  To state a claim for racial discrimination, plaintiff must establish that "(1) [he] belongs to some protected class, (2) [he] was qualified for the position or benefit at issue, (3) [he] suffered an adverse employment action, and (4) [he] was treated less favorably than others (e.g., the position at issue remained open after the adverse employment action)." E.E.O.C. v. BCI Coca-Cola Bottling Co. of Los Angeles, 450 F.3d 476, 483-84 (10th Cir. 2006).  First, plaintiff has failed to establish that his position remained open after his termination.  Second, defendant has provided the court with a legitimate non-discriminatory

---

[3] The uncontested facts state that the co-worker admits to saying "fuck you" to plaintiff.

[4] The uncontested facts state that the co-worker denies using the term "nigger."

-3-

reason for his termination.  See id.  According to the uncontested facts, plaintiff was terminated for harassing a co-worker.  In order to survive summary judgment, plaintiff has the burden to show that defendant's proffered explanation is pretext for race discrimination. Id.  Plaintiff has failed to do so.

Accordingly, defendant's motion for summary judgment on plaintiff's race discrimination claim must be granted.

### Conclusion

Defendant's motion for summary judgment is granted.  (Doc. 43).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.


IT IS SO ORDERED.

Dated this   17th   day of December 2007, at Wichita, Kansas.

-4-

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE